IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSE J. WOODSIDE-FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1244-D |
| | ) | |
| T. PULLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, a pretrial detainee, appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights arising from his confinement at the Jackson County Law Enforcement Center (JCLEC). This matter is before the Court for review of the Report and Recommendation [Doc. No. 10] issued on December 31, 2014, by United States Magistrate Judge Shon Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Also before the Court are Plaintiff's Motion to Amend [Doc. No. 11] and Motion to Reconsider Appointment of Counsel [Doc. No. 12].

**I.     Adoption of Report and Recommendation**

The Magistrate Judge conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915. The Complaint named four defendants, T. Pulley, E. Bridges, S. Randolph and R. Levick, all officials at JCLEC. Plaintiff brought claims challenging the conditions of his confinement, his right to free exercise of religion, failure of jail officials to respond to his grievances and the mail system at JCLEC. The Magistrate Judge recommended that Plaintiff's action be summarily dismissed for failure to state a claim upon which relief may be granted but further recommended that Plaintiff be granted an opportunity to amend his complaint to address the

deficiencies identified in the Report and Recommendation. The Magistrate Judge also recommended that Plaintiff's Motion to Appoint Counsel be denied.

The Magistrate Judge specifically advised Plaintiff of the right to object to the findings and recommendations set forth in the Report and Recommendation. He further advised Plaintiff that failure to timely object would constitute a waiver of his right to appellate review of the factual and legal matters in the Report and Recommendation. Plaintiff's deadline for filing objections was January 16, 2015.

Plaintiff did not file an objection to the Report and Recommendation or seek an extension of time in which to do so. Accordingly, the Court adopts the Report and Recommendation in its entirety.

## II. Plaintiff's Motion to Amend

In his Motion to Amend, Plaintiff identifies several additional defendants, all jail officials at JCLEC, and chronologically sets forth events giving rise to his claims for unconstitutional conditions of confinement covering the time period April 2014 through January 2015. The Court construes as true the allegations set forth in Plaintiff's motion, as it would if those allegations were brought in an amended complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (citation omitted). In addition, because Plaintiff appears *pro se*, the Court liberally construes his allegations, but does not "supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The allegations in Plaintiff's motion involve matters closely related to, if not substantially the same as, those raised in the complaint and addressed by the Magistrate Judge. Despite the fact that Plaintiff has now provided a much more lengthy recitation, the same deficiencies remain. The majority of Plaintiff's claims challenge the conditions of his confinement as cruel and unusual punishment in violation of the Eighth Amendment.[1] But Plaintiff fails to allege facts demonstrating a plausible claim of objectively sufficiently serious deprivations or that any identified defendant acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In addition Plaintiff largely fails to identify who is responsible for the alleged conduct about which he complains. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (noting that in the context of claims brought pursuant to § 1983 it is particularly important that the complaint make clear "exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her") (emphasis in original).

The Court proceeds to review the conduct alleged in Plaintiff's motion, which the Court has attempted to group by type of constitutional injury.

### Denial of Medical Care

(1) On April 14, 2014, Plaintiff asked Ms. Stone if his tray included pork (Plaintiff is on a halal diet) because he felt abdominal pain, numbness and nausea after eating breakfast. Ms. Stone told Plaintiff it did not and denied Plaintiff's request for medical treatment. In response Plaintiff

---

[1] Plaintiff alleges that he is in detention on pending charges. A pretrial detainee's claims are governed by the Fourteenth Amendment's Due Process Clause. However, the "Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted).

became irritated and kicked over the breakfast trays. Officer Kevin then placed Plaintiff in lock-down for thirty-days for misconduct.

(2) For a period of approximately three days thereafter, Plaintiff continued to have abdominal pain, swelling and nausea. Every time a jail official would pass by, he requested medical attention and submitted requests for medical care to no avail. Plaintiff does not identify any jail official to whom he made such requests. He does state, however, that on April 15, 2014, he sent a request "through Officer Richard to Mr. Bridges" to no avail. On April 17, 2014, Officer Richard provided a medical slip to Plaintiff but by that time he was "on the verge of becoming well."

(3) Ms. Cynthia, the medical professional at JCLEC, denied Plaintiff's request for medicine for his post traumatic stress disorder (PTSD) for several months beginning in September 2014.

Under Tenth Circuit precedent, a prison official may be found to have acted with deliberate indifference if the official prevents an inmate from receiving medical treatment or denies an inmate access to medical personnel capable of evaluating the inmate's condition. *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006). A misdiagnosis or a failure to recognize symptoms, however, constitutes mere negligence and does not satisfy the subjective component of deliberate indifference. *Id*.

Plaintiff's claim that he was denied medical care when he suffered abdominal pain is insufficient to state a plausible claim for relief. Plaintiff told Ms. Stone he believed he was suffering from pain because he had eaten pork. Ms. Stone confirmed that he had not eaten pork. Plaintiff then kicked over trays and was placed in lock-down. Lacking from these allegations is any claim that Ms. Stone acted with deliberate indifference to a serious medical need, *i.e.*, that she *knew of* and

*disregarded* a substantial risk of harm to Plaintiff by withholding medical treatment. *See Farmer*, 511 U.S. at 828.

Plaintiff further states he requested medical care for a period of three days thereafter, but he fails to identify any jail official to whom he made such requests. He states that made a request to Officer Bridges for medical care "through" Officer Johnson. But he alleges no facts that he reported his symptoms to Officer Johnson and that Officer Johnson (or Officer Bridges) ignored those symptoms. Nor does he allege facts that demonstrate his symptoms caused outward signs that would objectively indicate to Officer Johnson the presence of a substantial risk of serious harm. A request for medical care, without more, is insufficient to establish Officer Johnson acted with deliberate indifference to Plaintiff's medical needs. And Plaintiff acknowledges his symptoms resolved within a matter of days. He does not allege any lasting adverse health effects he suffered thereafter. *See Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) ("Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm.")

Similarly, Plaintiff fails to allege that Ms. Cynthia acted with deliberate indifference. The Tenth Circuit recently rejected allegations similar to those made by Plaintiff as insufficient to state a claim upon which § 1983 relief may be granted. *See Tennant v. Miller*, – Fed. Appx. –, 2014 WL 5509779 at *1 (10th Cir. 2014) (assuming prisoner's need for anxiety and pain medication was sufficiently serious, nothing indicated sheriff was aware of a substantial risk of serious harm; allegations that sheriff was responsible for the medication being withheld and did so intentionally were insufficient to withstand dismissal). Here, Plaintiff alleges only that he attempted to address the situation regarding PTSD medication with Ms. Cynthia. He does not allege the nature of his

5

symptoms, whether he communicated those symptoms to Ms. Cynthia, what medications, if any, he has previously been prescribed or any other facts to demonstrate Ms. Cynthia knew of any substantial risk of harm and deliberately disregarded it. *Compare Soboroff v. Doe*, 569 Fed. Appx. 606, 611 (10th Cir. 2014) (assuming prisoner's alleged need for muscle relaxants and pain relievers due to a head injury, a spinal condition and a periodontal condition posed a substantial health risk, prisoner's allegation that physician's assistant denied him access to such medication did not state plausible claim that physician's assistant knew of that risk and deliberately disregarded it). Plaintiff's motion, therefore, fails to allege conduct that states a plausible claim for unconstitutional denial of medical care.

**Food Service**

(1) On three occasions, April 20, 2014, May 16, 2014 and January 5, 2015, Plaintiff's food tray was not replaced after he reported hair in his food. Officer Bridges took the tray from him on April 20, 2014 and January 5, 2015, and Plaintiff did not receive a replacement tray.

(2) Plaintiff reported to Ms. Pulley, the kitchen supervisor, that there was too much salt in his food for a period of approximately one month from September through October, 2014.

(3) Plaintiff discovered bones in his meat on one occasion. He is "uncertain" whether Ms. Pulley "was acting in retaliation" based on requests to staff and grievances filed by Plaintiff.

(4) During the nine-months from April 2014 through January 2015, Plaintiff found hair and/or spit in his food on approximately six occasions, including those set forth above.

Plaintiff complains about multiple conditions related to food service at JCLEC. The Supreme Court has recognized that "[s]*ome* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have

6

a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Nonetheless, Plaintiff's allegations about food tampering, too much salt in the food and the fact that on two or three occasions after complaining about spit or hair in his food, his tray was removed and not replaced, do not allege a sufficiently serious deprivation of food. Plaintiff does not contend, for example, that he has lost weight or suffered other adverse health effects as a result of nutritionally inadequate food. And with respect to allegations of food tampering, Plaintiff does not identify who is allegedly responsible for such conduct. Ms. Pully's supervisory status as the jail official in charge of the kitchen is insufficient. *See, e.g, Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) ("A plaintiff must satisfy three elements to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind.") (citation omitted). Thus, Plaintiff's motion fails to allege facts sufficient to state a claim for unconstitutional conditions of confinement based on food service at JCLEC.

**Prison Mail System**

(1) In April 2014, Plaintiff sent a letter to his mother and later that night, he received a note from an unidentified person advising him that if he sealed his mail it would not be sent out. Plaintiff does not allege his mother did not receive his letter.

(2) Plaintiff states that he received a response to a grievance from Mr. Bridges addressing prison policy as to mail that is "considered a threat" but otherwise does not provide sufficient information about the circumstances underlying the grievance.

(3) In December 2014, Plaintiff attempted to send a letter, but it was returned to him. He states Ms. Stone told him not to seal his letters. Plaintiff does not identify the intended recipient of the letter or the nature of its contents.

(4) On December 12, 2014 and December 24, 2014, Plaintiff did not receive two letters that were logged into the prison mail system. Plaintiff does not identify any responsible jail official but alleges that "Jackson County Law Enforcement" is tampering with his mail.

"A prisoner has a constitutional right to have his outgoing mail processed for delivery, absent legitimate penological interests to the contrary." *Gee v. Pacheco*, 627 F.3d 1178, 1188 (10th Cir. 2010). Plaintiff identifies two occasions where his outgoing mail was returned to him because it was sealed but alleges that on several other occasions his sealed mail has been processed. Plaintiff's allegations concerning the delivery of outgoing mail are too conclusory. The Tenth Circuit has held that prison officials can inspect *all* outgoing mail if the inspection is reasonably related to substantial government interests including threats to prison order and security. *Beville v. Ednie*, 74 F.3d 210, 214 (10th Cir. 1996).[2] Moreover, to state a First Amendment claim for relief based on the processing of prison mail, a prisoner must "include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests." *Gee*, 627 F.3d at 1188. Here, Plaintiff does not allege facts showing that prison officials are exercising their authority in a manner unrelated to a legitimate penological interest. For example, he does not allege that his outgoing mail is monitored as punishment or retaliation. In addition, he

---

[2] In *Tucker v. Graves*, Case No. 9603015, 1997 WL 100884 at * 1 n. 2 (10th Cir. March 6, 1997) (unpublished op.) the court noted that a separate portion of the *Beville* decision had been effectively overruled by *Lewis v. Casey*, 518 U.S. 343 (1996).

8

does not identify the jail officials responsible for allegedly tampering with his mail. Plaintiff's allegations, therefore, are deficient.

**Failure to Protect**

(1) On May 20, 2014, Plaintiff reported to Officer Rossyln that another inmate tried to touch him while his was sleeping. Officer Rosslyn told Plaintiff that "they," meaning the third-shift officers, would handle the matter but no action was taken.

(2) On April 25, 2014, Mr. Bridges made Plaintiff discuss a confidential matter in front of other inmates. An inmate later came and asked Plaintiff about the matter. Plaintiff does not identify the subject of the confidential matter.

(3) Officer Richards told another inmate not to hang around Plaintiff because Plaintiff is Islamic and might try to convert him.

Plaintiff states that he could not sleep after he was touched by another inmate. He does not allege, however, that he suffered any serious harm as a result of this incident. And, while Plaintiff alleges he reported the incident to Officer Rosslyn, he does not allege that she then acted or failed to act with reckless disregard for his safety sufficient to show deliberate indifference. *See Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001) (failure to protect claim requires that inmate show deliberate indifference to inmate's safety). Plaintiff's other allegations regarding the conduct of Officer Bridges and Officer Richards are similarly deficient. He does not allege any facts demonstrating that as a result of their conduct he suffered a substantial risk of serious harm from other inmates or jail staff.

## Religious Practices

(1) On April 7, 2014, Plaintiff told jail officials he was Islamic but Plaintiff was served pork "under the deception of a non-pork tray" from April 8, 2014 through April 20, 2014.

(2) Plaintiff did not have sufficient time to take a shower on one occasion because he was finishing his religious worship.

(3) As set forth previously, Officer Richards told an inmate not to hang around Plaintiff because Plaintiff is Islamic and might try to convert him.

(4) Plaintiff's halal tray has been tampered with by means of hair and spit in his food.

(5) Plaintiff received an "extremely small piece of cake" on one occasion compared to "non-Islamics" who received "big and fat pieces of cake."

To state a claim for a violation of Plaintiff's First Amendment right to free exercise of religion, Plaintiff must demonstrate that a prison official substantially burdened his sincerely held religious beliefs. *See, e.g., Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). To the extent Plaintiff claims his food was tampered with because it was a halal tray, he does not allege a sufficient burden on his ability to exercise his religion. *Compare Watkins v. Donnelly*, 551 Fed. Appx. 953, 960 (10th Cir. 2014) (denial of prisoner's religious meals three times in one day was a de minimis burden on prisoner's right of free exercise; motivation of officers is not relevant). Moreover, as set forth, Plaintiff does not allege who tampered with his food. Similarly, the failure to replace his tray on three occasions – assuming Plaintiff contends it was due to his religious beliefs – is a de minimis injury. *Compare Watkins v. Rogers*, 525 Fed Appx. 756, 759 (10th Cir. 2013) (dismissing First Amendment claim where plaintiff alleged isolated incident where he was not provided a meal that conformed to his religious dietary requirements); *Strope v. Cummings*, 381 Fed.

10

Appx. 878, 880-81 (10th Cir.2010) (dismissing First and Eighth Amendment claims where inmate alleged his religiously-mandated kosher meal was nutritionally inadequate or unpalatable on seven different occasions). Significantly, Plaintiff does not allege an outright failure to provide religious dietary meals or any policy of failing to provide such meals. Plaintiff's allegations regarding his religious practices are insufficient to state a plausible claim upon which § 1983 relief may be granted.

### Requests to Staff / Grievances

(1) Plaintiff identifies multiple instances in which he submitted requests to staff and/or grievances that were never answered but, with limited exception, he does not identify the subject matter of the grievances. He alleges many of these submissions were given to Officer Bridges.

Plaintiff's frustration over the fact his requests to staff and grievances have not been answered does not state a plausible claim for § 1983 relief. Denying a request to staff or grievance does not give rise to the requisite personal participation necessary to establish a § 1983 claim. *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012). Moreover, the failure to answer a grievance, standing alone, does not give rise to a constitutional violation. *See Murray v. Albany County Bd. of County Com'rs.*, Case No. 99-8025, 2000 WL 472842 at *2 (10th Cir. April 20, 2000) (unpublished op.) (allegations that defendant failed to answer prison grievances "failed to state a claim as a matter of law because prison grievance procedures do not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment") (internal quotations and citation omitted); *see also Walters v. Corrections Corp. of America*, 119 Fed. Appx. 190, 191 (10th Cir. Dec. 7, 2004) (holding that a prisoner's "alleged denial of access to state administrative grievance procedures" would not have "resulted in a violation of his constitutional

11

rights"); *Serrano v. Ackley*, 2013 WL 4482980 at **4-5 (D. Kan. Aug. 19, 2013) (unpublished op.) (summarily

dismissing prisoner's § 1983 claims regarding defendants' alleged failure to follow grievance procedures, failure to respond to his grievances, and failure to provide grievance forms for failure to state a violation of his Fourteenth Amendment due process or equal protection rights).

Having considered the allegations set forth in Plaintiff's Motion to Amend, the Court finds the Motion should be denied. Although leave to amend should be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a), leave to amend is not required where amendment would be futile. *Foman v. Davis*, 371 U.S. 178 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014). For the reasons set forth, the allegations in Plaintiff's motion to amend are not sufficient to withstand dismissal if those allegations were brought in an amended complaint. The deficiencies noted above as to the claims raised in the motion to amend are largely the same as those present in the complaint and addressed by the Magistrate Judge. Thus, Plaintiff has not demonstrated an ability to overcome those deficiencies. *See Scott v. Carlsoni,* – Fed. Appx. – 2014 WL 7210893 at * 2 (10th Cir. 2014) (affirming district court's dismissal of prisoner's § 1983 complaint and denial of motion for leave to amend where district court considered claims raised in motion to amend and concluded the proposed amendments did not cure the deficiencies in the complaint). Therefore, leave to amend is denied.

### III.    Plaintiff's Motion to Reconsider Appointment of Counsel

The Court further denies Plaintiff's Motion to Reconsider Appointment of Counsel [Doc. No. 12]. Plaintiff states that "he has absolutely no access to courts in this county jail" and that he has no access to a dictionary. *See* Motion at p. 2. Plaintiff also states that he fears retaliation and has been "cursed out" by a prison official for filing this lawsuit. *See id.* at p. 3.

District courts are granted broad discretion with regard to the decision to request an attorney to represent an indigent litigant in a civil proceeding. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); 28 U.S.C. § 1915(e)(1). In exercising this discretion, the Court must consider a number of factors including: (1) the merits of the litigant's claim, (2) the nature of the factual issues involved, (3) the litigant's ability to present his claims and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Considering these factors, appointment of counsel is denied. As set forth herein, Plaintiff's claims lack merit. Moreover, Plaintiff has demonstrated the ability to present his claims to the Court despite the alleged challenges he faces at his current place of detention and Plaintiff's claims are not factually or legally complex. Accordingly, Plaintiff's Motion to Reconsider Appointment of Counsel is denied.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED in its entirety.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend [Doc. No. 11] is DENIED on grounds amendment of the complaint would be futile.

IT IS FURTHER ORDERED that the action is DISMISSED WITH PREJUDICE because the amendments to the complaint as proposed in Plaintiff's Motion to Amend would not overcome the pleading deficiencies.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reconsider Appointment of Counsel [Doc. No. 12] is DENIED.

A judgment of dismissal will be entered herewith.

IT IS SO ORDERED this 12th day of February, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE